UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEATRICE FLEMING,<br>    Plaintiff<br><br>    v.<br><br>SERENITY HOME HEALTHCARE,<br>    Defendant | No. 24 CV 9514<br><br>Judge Jeremy C. Daniel |

### ORDER

The defendant's motion to dismiss [23] is granted. The plaintiff is given leave to amend her complaint and may file an amended complaint on or before September 26, 2025.

### STATEMENT

This matter comes before the Court on the defendant, Serenity Home Healthcare's, motion to dismiss. (R. 26.)[1] The *pro se* plaintiff, Beatrice Fleming, worked for the defendant as a caregiver for her brother starting in September 2022. (R. 30 at 1.)[2] She asserts that she was wrongfully terminated from this job. (R. 11 at 4.) In November 2022, she sent a letter to the Illinois Department on Aging/Community Care Services stating that the defendant was not providing her with the hours she needed to see to all of her brother's needs. (R. 11 at 9.) A little more than a year later, on January 8, 2024, the defendant terminated her employment, stating that the termination came at the request of "adult protective services." (*Id.* at 10.) The plaintiff alleges that she was "terminated . . . amidst false allegations . . . without . . . any chance to prove the allegations were wrong." (*Id.* at 4.) She further alleges that her brother, the source of the allegations, has a history of making false accusations, and that the defendant reported her to adult protective services to avoid paying her unemployment benefits. (*Id.* at 4–5.) The plaintiff identifies her claims as wrongful termination and harassment based on age, disability, and race discrimination, along with retaliation. (*Id.* at 3–4.) She alleges that she filed an Equal Employment Opportunity Commission ("EEOC") complaint and received a right to sue letter. (*Id.* at 2–3.)

---

[1] For ECF filings, the Court cites to the page number(s) set forth in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.

[2] The Court may consider the plaintiff's factual statements made in opposition to the motion to dismiss as well as those factual statements made in the complaint. *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n. 1 (7th Cir.2012)

The defendant moves to dismiss, arguing that as an initial matter, the plaintiff failed to include the entire EEOC complaint with her lawsuit. (R. 26 at 4.) According to the defendant, this means that the complaint should be dismissed because the scope of this lawsuit is limited to the allegations in the EEOC complaint, and this determination cannot be made without the full document. (*Id.*) The defendant also argues that the plaintiff fails to state a claim for discrimination or retaliation. (*Id.* at 9.)

To survive a motion to dismiss, a complaint only needs to contain factual allegations that, when accepted as true, are sufficient to "state a claim that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-57 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. The court, however, "need not accept as true statements of law or unsupported conclusory factual allegations." *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 586 (7th Cir. 2021). Moreover, because the plaintiffs initiated this action *pro se*, their complaint is construed liberally. *Perez v. Fenoglio*, 792 F.3d 768, 776 (7th Cir. 2015). The court may read the complaint "broadly" and make necessary assumptions where the facts do not "definitely identify" the plaintiff's challenges. *Obriecht v. Raemisch*, 517 F.3d 489, 492 n.2 (7th Cir. 2008)

The plaintiff attached the whole EEOC complaint to her opposition to the motion to dismiss, (R. 30 at 11–16), mooting the defendant's argument that her failure to include the whole document is fatal to this case. *See Packaging Corp. of Am., Inc. v. Croner*, 419 F. Supp. 3d 1059, 1067 (N.D. Ill. 2020) (the court may consider additional documents submitted alongside a response to a motion to dismiss, provided they are consistent with the complaint.) The Court declines to address, for now, the defendant's argument that the plaintiff is limited to just the age discrimination claim expressly stated in the EEOC complaint. (*See* R. 31 at 2–3.) Until there is a more detailed factual pleading, the Court will not decide whether the plaintiff's allegations of racial and disability discrimination are "'like or reasonably related to'" her age discrimination complaint. *See Cheek v. Peabody Coal Co.*, 97 F.3d 200, 202 (7th Cir. 1996).

The Court agrees, however, that the plaintiff fails to state a claim in her complaint. The plaintiff does not allege any discriminatory acts or statements. All she writes is that she was fired due to false allegations of elder abuse, which the defendant also allegedly leveraged to avoid paying her unemployment benefits. (R. 11 at 4–5.) But that alone is not enough to state a claim. While the Court must construe *pro se* complaints liberally, *Perez* 792 F.3d at 776, conclusory statements do not suffice to state a claim. *Ashcroft*, 556 U.S. at 678. The plaintiff's bare allegation that she was

2

fired based on a false allegation of abuse is not enough to make out a claim of discrimination or retaliation.

In her opposition, the plaintiff states that she could, if necessary, plead additional facts in support of her claims. (R. 30 at 5–6.) The Court grants her the opportunity. The defendant's motion to dismiss is granted, and the plaintiff is granted leave to file an amended complaint on or before September 26, 2025.

Date: August 29, 2025

JEREMY C. DANIEL
United States District Judge