UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BEATRICE FLEMING,<br>      Plaintiff<br><br>    v.<br><br>SERENITY HOME HEALTHCARE, INC.,<br>      Defendant | No. 24 CV 9514<br><br>Judge Jeremy C. Daniel |

## ORDER

The defendant's motion to dismiss [35] is denied. The defendant shall answer the first amended complaint on or before January 30, 2026.

## STATEMENT

**Background**

This case is before the Court on Defendant Serenity Home Healthcare, Inc.'s ("Serenity") motion to dismiss the first amended complaint filed by Plaintiff Beatrice Fleming. (R. 35.)[1] The facts below are taken from the first amended complaint, (R. 34), and are accepted as true for the purpose of resolving this motion.[2] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The plaintiff is a 69-year-old African American woman who formerly worked as a caretaker for Serenity. (R. 34 ¶¶ 3, 7.) Her job responsibilities included assisting patients, including her brother Frank, with activities of daily living. (*Id.* ¶ 8.) Between September 2023 and January 2024, the plaintiff requested work hours from Serenity but did not receive a response or any scheduled work hours. (*Id.* ¶ 10.) She

---

[1] For ECF filings, the Court cites to the page number(s) in the document's ECF header unless citing to a particular paragraph or other page designation is more appropriate.
[2] Serenity attaches and cites an affidavit of its President along with other extrinsic evidence. (*See* R. 35 at 12–45.) Generally, a court cannot rely on "matters outside the pleadings" when ruling on a Rule 12(b)(6) motion without transforming it into a motion for summary judgment. *Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) (citing Fed. R. Civ. P. 12(d)). Serenity does not provide an applicable exception to this general rule. The Court therefore does not consider the extrinsic evidence and instead relies on the first amended complaint's well-pleaded facts. *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001).

later applied for unemployment benefits and learned during an unemployment hearing that Serenity terminated her employment. (*Id.* ¶ 11.) The plaintiff alleges that there was "no legitimate business reason" for her termination and that she "satisfactorily performed her job duties." (*Id.* ¶¶ 8, 12, 29.) She also alleges that she was terminated by her supervisor who was approximately 35 years old, and that Serenity replaced her with a younger employee who was also roughly 35 years old. (*Id.* ¶¶ 12, 15.) In July 2024, the plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), stating that, among other improper conduct, Serenity discriminated against her based on her age. (*Id.* ¶ 5.) She received a Notice of Right to Sue letter from the EEOC later that month. (*Id.* ¶ 6.)

Two years earlier, in November 2022, the plaintiff lodged complaints against Serenity in a letter to and a phone call with the Illinois Department on Aging (IDOA). (*Id.* ¶ 25.) In those communications, she accused Serenity of neglecting its elderly African American patients (including her brother) in violation of Illinois law, and of employing a "discriminatory practice" of sending caregivers to "White/Caucasian elderly clients" to the detriment of "African American elderly patients." (*Id.* ¶¶ 23, 25–28.) The plaintiff alleges that Serenity terminated her employment in retaliation for complaining to the IDOA and advocating on her brother's behalf. (*Id.* ¶¶ 29–31.)

The plaintiff's first amended complaint brings claims against Serenity for age discrimination in violation of the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 621, *et seq.*, and retaliatory discharge in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq*. (R. 34.) The Court granted Serenity's motion to dismiss the plaintiff's initial complaint because that complaint failed to allege discriminatory conduct. (R. 33.) Serenity now moves to dismiss the first amended complaint under Federal Rule of Civil Procedure 12(b)(6). (R. 35.)

**Legal Standard**

To survive dismissal under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations to state a claim for relief that is plausible on its face. *Iqbal*, 556 U.S. at 678. The motion tests the sufficiency of the plaintiff's claims, not the merits of her case. *Gociman v. Loyola Univ. of Chi.*, 41 F.4th 873, 885 (7th Cir. 2022). The Court "construe[s] all allegations and any reasonable inferences in the light most favorable to the plaintiff." *Dix v. Edelman Fin. Servs., LLC*, 978 F.3d 507, 512–13 (7th Cir. 2020) (citation omitted). The plaintiff must set forth "adequate factual detail to lift [her] claims from mere speculative possibility to plausibility." *Schillinger v. Kiley*, 954 F.3d 990, 994 (7th Cir. 2020) (citing *Iqbal*, 556 U.S. at 678).

**Analysis**

Serenity first argues that the plaintiff has failed to show that Serenity discriminated against her on the basis of her age in violation of the ADEA. (R. 35 at 5–7.) "To state

a claim for age discrimination under the ADEA, a plaintiff need only allege she suffered a specified adverse employment action on the basis of her age." *King v. Elementary Sch. Dist. #159*, No. 17 C 4637, 2018 WL 1734645, at *5 (N.D. Ill. Apr. 10, 2018) (citation omitted); *see also Tomayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008). The plaintiff alleges that she is 69 years old and that she had "satisfactorily performed" her job responsibilities since Serenity hired her in September 2022. (R. 34 ¶¶ 3, 7–8, 29.) Further, she alleges that she was terminated by a 35-year-old supervisor and that Serenity replaced her with a different 35-year-old employee. (*Id.* ¶¶ 11, 15–17.) The plaintiff also asserts that Serenity's decision to terminate her was due to her age. (*Id.*) Taken together, these are sufficient factual allegations to state an age discrimination claim that is plausible on its face. *Iqbal*, 556 U.S. at 679. Serenity's arguments in favor of dismissal, (R. 35 at 5–7), hold the plaintiff's claim to a higher standard than what applies at this stage. All she must plead is that she suffered an adverse employment action due to her age, which she has. *See King,* 2018 WL 1734645, at *5; *see also Basil v. CC Servs., Inc.*, No. 12 C 1341, 2012 WL 3686797, at *4 (N.D. Ill. Aug. 23, 2012). Accordingly, Serenity's motion to dismiss this claim is denied.

Serenity next argues that the plaintiff has failed to show that Serenity terminated her in retaliation for her decision to lodge complaints to the IDOA. (R. 35 at 7–10.) To state a Title VII retaliatory discharge claim, a plaintiff "must allege that she engaged in a statutorily protected activity and was subjected to an adverse employment action as a result of that activity." *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1029 (7th Cir. 2013). The plaintiff alleges that she engaged in a statutorily protected activity when she complained to the IDOA that Serenity was violating state law by neglecting its patients and that it was employing a "discriminatory practice" of prioritizing the care of "White/Caucasian elderly clients" to the detriment of "African American elderly patients." (R. 35 ¶¶ 25–28.) She further alleges that despite performing her job satisfactorily, she was subject to an adverse employment action when Serenity failed to give her work hours and then terminated her, which she asserts was done in response to her IDOA complaint. (*Id.* ¶¶ 29–31.) These allegations are enough to state a plausible Title VII retaliation claim. *See Luevano*, 722 F.3d at 1029. Serenity's arguments either challenge the veracity of the plaintiff's allegations or improperly hold her to show "a causal connection between her termination and her involvement in any statutorily protected activity." (R. 35 at 7–10.) But at issue is only the sufficiency of her well-pled allegations, which the Court construes most favorably to the plaintiff. *Gociman*, 41 F.4th at 885; *Dix*, 978 F.3d at 512–13. Further, she need not show causation at this stage. *See Luevano*, 722 F.3d at 1029. Therefore, Serenity's motion to dismiss the plaintiff's retaliatory discharge claim is denied.

Last, Serenity argues that it terminated the plaintiff for legitimate, non-discriminatory reasons. (R. 35 at 10–11; R. 41 at 7.) Serenity relies partially on extrinsic evidence to support this argument. (*Id.*) As explained above, the Court will not consider such evidence at this stage. *Berthold Types Ltd. v. Adobe Sys. Inc.*, 242

3

F.3d 772, 776 (7th Cir. 2001). Further, Serenity's justification for terminating the plaintiff is a fact question that does not address the plausibility of the plaintiff's allegations, so the Court need not consider it at the motion to dismiss stage. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("Plausibility . . . does not imply that the district court should decide whose version to believe, or which version is more likely than not."). Accordingly, Serenity's motion to dismiss the plaintiff's first amended complaint is denied.

Date: January 9, 2026

                                                    JEREMY C. DANIEL
                                                    United States District Judge